*292 OPINION.
Littleton:
The taxpayer claims that when it acquired the assets and business of G. S. Cook & Co. through the exercise of an option to purchase theretofore given to D. J. O’Connell, and by reason of the contract with O’Connell to work for the company for one year at a salary of $4,000, it acquired for stock good will of an actual cash value of $67,622.27. The evidence submitted does not convince the Board that taxpayer acquired good will of any determinable cash value. It has been shown however that upon organization the *293 taxpayer entered upon its books good will in the amount of $115,-753.56, and that in the years following, including the fiscal year ending April 30,1919, this amount was reduced from time to time by charges against surplus in the total amount of $48,091.59; $21,225.43 being so charged in the fiscal year ending April 30, 1918.
In view of the fact that the Commissioner has held that taxpayer acquired no good will having an actual cash value and has refused to include any amount in invested capital of this account, and we have approved this action on his part, it is apparent that surplus in the amount of $48,091.59 credited to alleged good will arbitrarily entered upon the books at $115,753.56 should be restored to the surplus account and included in invested capital for the taxable year. The Commissioner included in the invested capital for the taxable year surplus of $51,000. If this figure included the above sum of $48,091.59 credited to good will, the Commissioner’s determination was correct; otherwise it was erroneous.
Judgment will be entered on 15 days’ notice, under Bule 50.